NICKOLA J. CUNHA *v.* CARLOS COLON ET AL.
(SC 16620)

Norcott, Katz, Palmer, Vertefeuille and Zarella, Js.

Argued January 15—officially released April 2, 2002

*Nickola J. Cunha*, pro se, the appellant (plaintiff).

*Cesar A. Noble*, for the appellee (defendant Elrac, Inc.).

*Opinion*

PALMER, J. The sole issue raised by this appeal is whether, notwithstanding General Statutes § 52-572e,[1]

---

[1] General Statutes § 52-572e provides: "(a) For the purposes of this section the term 'joint tortfeasors' means two or more persons jointly or severally liable in tort for the same injury to person or property whether or not a judgment has been recovered against all or any of them.

"(b) A release by the injured person, or his legal representative, of one joint tortfeasor does not discharge the other tortfeasors unless, and only to the extent, the release so provides."

a release executed in favor of the lessee of a motor vehicle operates as a matter of law to release the vehicle's lessor whose claimed liability rests solely on General Statutes § 14-154a.[2] We conclude that the lessor and lessee are not joint tortfeasors within the meaning of § 52-572e and that, consequently, a release executed in favor of a lessee also operates to release the lessor.

The following facts and procedural history are relevant to this appeal. On July 31, 1997, the plaintiff, Nickola J. Cunha, was injured when the vehicle that she was driving on Whitney Avenue in Hamden was struck by a vehicle operated by the named defendant, Carlos Colon.[3] Colon was driving a vehicle leased to him by its owner, the defendant, Elrac, Inc. (Elrac). The plaintiff commenced this action for damages against Colon and Elrac, claiming that the injuries she sustained were caused by Colon's negligent operation of the leased vehicle.[4] The plaintiff's claim against Elrac was predicated upon § 14-154a, which provides that the owner-lessor of a motor vehicle is liable to the same extent as the lessee for any personal or property damage caused by the lessee's operation of the vehicle.

Following the commencement of this action, the plaintiff issued a written release to Colon and his insurance carrier, Allstate Insurance Company (Allstate), in consideration for payment of $20,000. The written

---

[2] General Statutes § 14-154a provides: "Any person renting or leasing to another any motor vehicle owned by him shall be liable for any damage to any person or property caused by the operation of such motor vehicle while so rented or leased, to the same extent as the operator would have been liable if he had also been the owner."

[3] Colon was insured under a policy issued by Allstate Insurance Company with a per person liability limit of $20,000.

[4] The plaintiff also named her automobile liability insurance carrier, Infinity Insurance Company (Infinity), as a defendant, alleging that Infinity improperly had refused to pay her underinsured motorist benefits to which she claimed she was entitled under her policy. The plaintiff, however, subsequently withdrew her claim against Infinity.

release purported to release Colon and Allstate from liability for any damages arising from the July 31, 1997 motor vehicle accident and purported to extend to "Colon and Allstate . . . only." Thereafter, Elrac amended its answer to allege, by way of special defense, that the release issued by the plaintiff to Colon also operated to relieve Elrac of any liability to the plaintiff arising out of Colon's alleged negligence.

Elrac subsequently filed a motion for summary judgment, claiming that it was entitled to judgment as a matter of law on its special defense. The plaintiff objected to Elrac's motion on the ground that, under § 52-572e, the release "of one joint tortfeasor does not discharge the other tortfeasors unless . . . the release so provides." General Statutes § 52-572e (b). In support of its motion for summary judgment, Elrac relied primarily on *Alvarez* v. *New Haven Register, Inc.*, 249 Conn. 709, 725, 735 A.2d 306 (1999), in which this court concluded that § 52-572e did not apply to vicariously liable defendants. The trial court concluded that Elrac was entitled to summary judgment on the basis of our holding in *Alvarez*.[5] The plaintiff appealed to the Appellate Court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1. We affirm the judgment of the trial court.[6]

---

[5] The plaintiff previously had filed a motion for summary judgment as to liability only. The trial court denied that motion on the basis of our holding in *Alvarez*.

[6] We note, preliminarily, that "[t]he standards governing our review of a trial court's decision to grant a motion for summary judgment are well established. Practice Book [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Citation omitted; internal quotation marks omitted.) *Miles* v. *Foley*, 253 Conn. 381, 385–86, 752 A.2d 503 (2000). The plaintiff does not assert the existence of any disputed material fact; she claims, rather, that the trial court improperly applied §§ 52-572e and 14-154a to the undisputed facts of this case. Thus, our review of

In *Alvarez* v. *New Haven Register, Inc.*, supra, 249 Conn. 709, we considered "whether, notwithstanding . . . § 52-572e, a release executed in favor of an employee operates as a matter of law to release the employer whose sole liability is premised on the doctrine of respondeat superior." Id., 710–11. We answered that question in the affirmative, observing, first, that, at common law, "where the liability of a principal for a tort committed by his agent is predicated solely upon the doctrine of respondeat superior, a valid release of either operates to release the other." Id., 715–16. We then carefully examined the language, history and purpose of § 52-572e to determine whether it had abrogated that common-law doctrine. Id., 716–23. In concluding that it did not, we explained that "the intent of the legislature in enacting § 52-572e was to enable an injured party to secure payment of damages from one tortfeasor while maintaining the right to proceed against other tortfeasors who remain independently at fault *for their own wrongful acts that contributed to the injury.*" (Emphasis in original.) Id., 719; accord id., 722. We further explained that "a principal whose liability rests solely upon the doctrine of respondeat superior and not upon any independent act of the principal is not a joint tortfeasor with the agent from whose conduct the principal's liability is derived. . . . Essentially, aside from the relationship between the parties creating the [potential for] vicarious liability, the principal is not a tortfeasor in the true sense of the word because he is not independently liable based upon his own independent actionable fault." (Citation omitted.) Id., 720–21.

We agree with the trial court that *Alvarez* controls the present case. The plaintiff seeks to invoke § 52-572e in the context of a claim against Elrac that is predicated

the trial court's decision is plenary. See, e.g., *Burnham* v. *Karl & Gelb, P.C.*, 252 Conn. 153, 156–57, 745 A.2d 178 (2000).

solely upon Elrac's vicarious liability under § 14-154a for the tortious conduct of its lessee, Colon. As we explained in *Alvarez*, however, § 52-572e was intended to apply only to joint tortfeasors who are independently at fault on the basis of their own tortious conduct, and not to individuals or entities whose sole liability is derivative or vicarious in nature.

The plaintiff seeks to distinguish *Alvarez* on the basis that that case involved the applicability of § 52-572e to common-law principles of vicarious liability, whereas the present case involves the applicability of § 52-572e to statutorily created principles of vicarious liability. It is true that because the issue in *Alvarez* was whether the legislature, in enacting § 52-572e, had intended to abrogate the common-law doctrine that a release of either the employer or the employee operates to release the other; id., 715–16; we were required to construe § 52-572e strictly under the factual scenario presented in *Alvarez*. See id., 715 ("[i]n determining whether . . . a statute abrogates or modifies a common law rule the construction must be strict, and the operation of a statute in derogation of the common law is to be limited to matters clearly brought within its scope" [internal quotation marks omitted]). The plaintiff suggests that a strict construction of § 52-572e is not warranted in the present case, however, because the issue presented does not involve the relationship between § 52-572e and common-law principles but, rather, the relationship between § 52-572e and another statutory provision, namely, § 14-154a. Although we agree with the plaintiff that the present case, in contrast to *Alvarez*, does not necessarily call for a strict construction of § 52-572e, we are not persuaded that that fact alone requires a different result. The plaintiff does not challenge our determination in *Alvarez* that § 52-572e was intended to enable an injured party to secure a settlement payment from one tortfeasor while maintaining the right to pro-

ceed against other tortfeasors who remain independently at fault on the basis of their own tortious conduct. Id., 719, 722. In light of that conclusion regarding the fundamental purpose of § 52-572e, we see no reason why our holding in *Alvarez* is not equally applicable to the facts of the present case.

The judgment is affirmed.

In this opinion the other justices concurred.