[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM
On August 28, 1998, the plaintiff, Joseph Santone, filed a two-count amended complaint against the defendants, Huntington Condominium Association (Huntington) and Consolidated Management Services, Inc (Consolidated). This action arises out of injuries and losses allegedly sustained as a result of the defendants initiating a foreclosure action against the plaintiff on January 16, 1996 for the nonpayment of common CT Page 9243 charges and assessments allegedly due Huntington. It was alleged in the January, 1996 action that the plaintiff, as possessor of the property, was responsible for these payments.[1]
In the present action, count one of the complaint alleges vexatious litigation against Huntington for bringing the foreclosure action against the plaintiff without a good faith basis and with the intent to annoy and unjustly trouble the plaintiff. Count two of the complaint alleges intentional infliction of emotion distress against both Huntington and Consolidated for mental distress resulting from the defendants unjustly bringing the foreclosure action against him.
On March 7, 2002, the defendants filed a motion for summary judgment as to both counts of the complaint, accompanied by a memorandum in support. On April 4, 2002, the plaintiff filed a memorandum in opposition.
 DISCUSSION
"Practice Book [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Cunha v. Colon, 260 Conn. 15, 18 n. 6,792 A.2d 832 (2002). "[T]he genuine issue aspect of summary judgment requires the parties to bring forward before trial evidentiary facts, or substantial evidence outside the pleadings, from which the material facts alleged in the pleadings can warrantably be inferred. . . . A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Brackets in original; citation omitted; internal quotation marks omitted.) Buell v. Greater New YorkMutual Ins., 259 Conn. 527, 556, 791 A.2d 489 (2002).
A. Count One
The defendants move for summary judgment as to count one on the ground that the plaintiff "cannot satisfy the elements of vexatious litigation". (Defendant's Motion for Summary Judgment, p. 1). The defendants argue that the plaintiff cannot show either that the defendants acted without probable cause when they brought the foreclosure action or that the foreclosure action was terminated in the plaintiff's favor, as required to substantiate a vexatious litigation claim. (Defendant's Memorandum of Law in Support of Motion for Summary Judgment, pp. 4-6). The defendants argue that there is no genuine issue of material fact and that they are entitled to judgment as a matter of CT Page 9244 law.
The plaintiff counters that he has set forth triable issues of material fact on each element of the cause of action. He argues that his amended complaint and supporting documentation demonstrate that the defendants brought the foreclosure action against him maliciously and without probable cause and that the action was withdrawn by the defendants in the plaintiffs favor. (Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment, p. 2). Therefore, he argues that summary judgment should be denied because there exist genuine issues of material fact.
In a vexatious litigation action, "it is necessary to prove want of probable cause, malice and a termination of [the] suit in the plaintiffs' favor." (Brackets in original; internal quotation marks omitted.) QSP,Inc. v. Aetna Casualty Surety Co., 256 Conn. 343, 361, 773 A.2d 906
(2001).
1. Probable Cause
The defendants claim that circumstances warranted the initiation of the foreclosure proceedings against the plaintiff. In support, they offer condominium records revealing that the subject unit was registered to the plaintiff at the time the foreclosure was commenced and that at such time, all communications from Huntington pertaining to the premises was addressed to the plaintiff at the subject unit. The defendants further argue that at no time did anyone notify Huntington that the plaintiff was not living at the unit, did not have an interest in the unit, or that any other person was living in the unit. (Defendant's Memorandum, pp. 4.-5).
The plaintiff counters that the defendants did not have cause to bring the foreclosure action. In support, he offers affidavit testimony of one Anthony Santone attesting that at the time of the foreclosure action and for several years prior, the third party, not the plaintiff, was the sole occupant of the subject premises and that on numerous occasions notice of his exclusive occupancy was relayed to the defendants and/or their attorneys. (Affidavit of Anthony Santone).
"Probable cause is the knowledge of facts sufficient to justify a reasonable person in the belief that there are reasonable grounds for prosecuting an action. . . . The existence of probable cause is an absolute protection . . . and what facts, and whether particular facts, constitute probable cause is always a question of law." (Internal quotation marks omitted.) Zeller v. Consolini, 59 Conn. App. 545, 554 n. 5, 758 A.2d 376 (2000). "For purposes of a vexatious suit action, the legal idea of probable cause is a bona fide belief in the existence of CT Page 9245 the facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it." (Internal quotation marks omitted.)Norse System, Inc. v. Tingley Systems, Inc., 49 Conn. App. 582, 594,715 A.2d 807 (1998). "[W]hen [however] the facts themselves are disputed, the court may submit the issue of probable cause in the first instance to a jury as a mixed question of fact and law." DeLaurentis v.New Haven, 220 Conn. 225, 252, 597 A.2d 807 (1991).
The plaintiff has presented sufficient evidence to establish a genuine issue of material fact as to whether the defendant had probable cause to bring the underlying foreclosure action. Specifically, the plaintiff has called into question whether the defendants knew the plaintiff no longer resided at the subject premises. There remain in this case genuine issues of material fact that must be resolved before the court can determine as a matter of law whether the defendants acted with probable cause.
2. Termination of Underlying Action in Plaintiff's Favor
The defendants claim that the underlying action did not terminate in the plaintiffs favor. They argue that the foreclosure action was settled and subsequently withdrawn on April 2, 1997, by payment on behalf of the unit owners and/or the tenant in the amount of $6,783.00. (Defendants' Memorandum, p. 9). In support of this contention the defendants offer a photocopy of a cashier's check in that amount and a signed acknowledgment by the plaintiff's attorney of payment in full satisfaction of all debts owed in the foreclosure action.
The plaintiff counters that he did not settle with the defendants and that the foreclosure action was withdrawn as to him alone on February 12, 1996, but continued as to the other defendant until that action was withdrawn in April of 1997. (Plaintiff's Memorandum, pp. 4, 11). In support, the plaintiffs offer a photocopy of the withdrawal of action against the plaintiff in the foreclosure action dated February 12, 1996.
"In suits for vexatious litigation, it is recognized to be sound policy to require the plaintiff to allege that prior litigation terminated in his favor. This requirement serves to discourage unfounded litigation without impairing the presentation of honest but uncertain causes of action to the courts." Zeller v. Consolini, supra, 235 Conn. 417. "Courts have taken three approaches to the `termination' requirement. The first and most rigid, requires that the action have gone to judgment resulting in a verdict of . . . no liability, in the civil context. The second permits a vexatious suit action even if the underlying action was merely withdrawn so long as the plaintiff can demonstrate that the withdrawal took place under circumstances creating an inference that the plaintiff CT Page 9246 was . . . not liable in the civil context. The third approach, while nominally adhering to the `favorable termination' requirement, in the sense that any outcome other than a finding of . . . liability is favorable to the accused party, permits a . . . vexatious suit action whenever the underlying proceeding was abandoned or withdrawn without consideration, that is, withdrawn without . . . a settlement favoring the party originating the action." DeLaurentis v. New Haven, supra,220 Conn. 250. "When a lawsuit ends in a negotiated settlement or compromise, it does not terminate in the plaintiff's favor and therefore will not support a subsequent lawsuit for vexatious litigation" (Internal quotation marks omitted.) Blake v. Levy, 191 Conn. 257, 264, 464 A.2d 52
(1983).
In the present case, the full circumstances of the withdrawal of the underlying foreclosure action are not known. It is not clear whether the settlement and accompanying withdrawal of April, 1997, involved the plaintiff or if all claims against the plaintiff were withdrawn in February, 1996. If the action was withdrawn as to the plaintiff on February, 1996 as the plaintiff alleges and some evidence suggests, then it is possible that the action was terminated in the plaintiffs favor. Accordingly, the defendant's motion for summary judgment as to count two on the ground that previous litigation did not terminate in the plaintiff's favor is denied.
B. Count Two
The defendants also move for summary judgment on count two, which alleges intentional infliction of emotional distress as to both defendants. They move on two grounds: (1) that the plaintiff fails to state a cause of action for intentional infliction of emotional distress; and (2) that the allegations in the original foreclosure action cannot serve as the basis for an intentional infliction of emotional distress claim. The defendants argue that the plaintiff cannot demonstrate that the defendants' conduct in bringing the foreclosure action was extreme and outrageous and that allegations in a civil complaint are absolutely privileged and cannot sustain an intentional infliction of emotional distress claim. (Defendants' Memorandum, p. 11). The defendants argue that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law.
The plaintiff counters that he has presented triable issue of fact as to his claim for intentional infliction of emotional distress. The plaintiff argues that the defendants' conduct was extreme and outrageous and that the privilege the defendants assert does not apply to this case. (Plaintiff's Memorandum, pp. 13-14). Therefore, they argue that summary judgment should be denied because there are genuine issues of CT Page 9247 material fact.
1. Extreme and Outrageous Conduct
To prevail on a cause of action for intentional infliction of emotional distress, four elements must be established. It must be shown: "(1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe." (Internal quotation marks omitted.) Appleton v. Board of Education,254 Conn. 205, 210, 757 A.2d 1059 (2000).
"Extreme and outrageous conduct is an essential element in the tort of intentional infliction of emotional distress." Brown v. Ellis,40 Conn. Sup. 165, 167, 484 A.2d 944 (1984). "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, Outrageous! . . . Conduct on the part of the defendant that is merely insulting or displays bad manners or results in hurt feelings is insufficient to form the basis for an action based upon intentional infliction of emotional distress." (Citation omitted; internal quotation marks omitted.) Appleton v. Boardof Education, supra, 254 Conn. 210-11. "Whether a defendant's conduct is sufficient to satisfy the requirement that it be extreme and outrageous is initially a question for the court to determine. . . . Only where reasonable minds disagree does it become an issue for the jury." (Citation omitted.) Id., 210.
The plaintiff has presented sufficient evidence to establish a genuine issue of material fact as to whether the defendants' actions meet the threshold of extreme and outrageous conduct. As noted previously, the facts and circumstances surrounding the initiation of the foreclosure action are in dispute. Therefore, the defendants' motion for summary judgment as to count two on the ground that the plaintiff has not stated a cause of action for intentional infliction of emotional distress is denied.
2. Privilege
The defendants maintain that the "plaintiff cannot sustain his intentional infliction of emotional distress claim on the grounds that CT Page 9248 the defendants allegedly wrongfully brought suit against him" because the foreclosure action is privileged. (Defendants Memorandum, p. 11). The defendants rely on DeLaurentis v. City of New Haven, supra, 220 Conn. 225, wherein the Connecticut Supreme Court held that allegations in a civil complaint "are absolutely privileged at common law and that no cause of action for intentional infliction of emotional distress based on those statements can lie." Id., 263. (Defendants' Memorandum, p. 11).
The plaintiff counters that DeLaurentis is distinguishable from the facts of this case and that a vexatious lawsuit can be the basis for a cause of action for intentional infliction of emotional distress.
In DeLaurentis, the plaintiff sought damages for, inter alia, vexatious suit and intentional infliction of emotional distress. The basis of the intentional infliction of emotional distress claim was the defendant's repetition to the media of the statement of charges contained in a summons issued to the plaintiff. The court held that "statements contained in the summons and statement of charges are absolutely privileged at common law and that no cause of action for intentional infliction of emotional distress based on those statements can lie."DeLaurentis, supra, 220 Conn. 263. Indeed, our case law is clear that the allegations of a complaint are absolutely privileged. "There is a long-standing common law rule that communications uttered or published in the course of judicial proceedings are absolutely privileged so long as they are in some way pertinent to the subject of the controversy." (Internal quotation marks omitted.) Petyan v. Ellis, 200 Conn. 243,245-46, 510 A.2d 1337 (1986).
Here, however, the plaintiffs cause of action for intentional infliction of emotional distress is not based on any particular statements or allegations contained in the foreclosure action which are, without question, accorded an absolute privilege. Rather, the plaintiff's claim is based upon the foreclosure action being brought at all, insofar as it was initiated with malice and without probable cause.
This distinction between liability for bringing a vexatious suit and liability for the particular words uttered within the suit was noted by the court in DeLaurentis. The court stated that "whether or not a party is liable for `vexatious suit' in bringing an unfounded and malicious action, he is not liable for the words used in the pleadings and documents used to prosecute the suit." DeLaurentis, supra, 220 Conn. 264. Thus, the court recognizes that in the first instance, there can be liability but in the second, there can't be liability.
"The `absolute privilege' which attaches to the words used in a complaint does not . . . preclude a party from bringing an action for CT Page 9249 abuse of process or vexatious suit." Vallombroso v. Brockett, Superior Court, judicial district of New Haven, Docket No. CV 323074 (June 11, 1992, Maiocco, J.)
Therefore, the bringing of a vexatious suit is not an activity that is accorded an absolute privilege. Accordingly, the defendants' motion for summary judgment as to count two on the ground of absolute privilege is denied.
For the foregoing reason, the defendants' motion for summary judgment as to counts one and two of the plaintiffs amended complaint is denied.
GALLAGHER, J.