[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Before this court is the Motion for Summary Judgment filed by the defendant, Walter D. Sullivan Co., Inc (Sullivan). Sullivan filed a motion for summary judgment as to count two of the complaint on the grounds that no relationship existed between itself and the plaintiff that could form the basis for a duty and that there is no evidence connecting it to the alleged dangerous condition. The plaintiff, Kiwanis, filed a memorandum in opposition arguing that Sullivan did, in fact, owe a duty to him to take precautions to ensure that he could perform his job in a manner that did not pose an unreasonable risk of injury to him and that there was a factual dispute as to whether or not the defendant's employees were connected to the dangerous condition. (Kiwanis' Memorandum in Opposition, p. 5). For reasons more fully set forth below, the defendant's motion is denied.
 FACTS
This action arises out of injuries and losses allegedly sustained as a result of Kiwanis' fall, on September 17, 1996, on spilled water at a construction site where he was performing construction work for his employer, a subcontractor on the project. On September 9, 1998, the plaintiff, Michael Kiwanis, filed a three-count complaint against the defendants, Fusco Corporation, Inc. (Fusco), Sullivan and M.J. Daly 
Sons, Inc (Daly)[1].
Counts one, two and three of the complaint allege negligence against Fusco, Sullivan and Daly, respectively, for causing or allowing water to spill onto the floor, for their failure to inspect, repair or maintain the CT Page 10130 premises in a safe condition and for their failure to warn or notify Kiwanis of the wet and dangerous condition of the floor.
In support of its motion, Sullivan offers an uncertified copy of excerpts from the deposition of Kiwanis and an affidavit executed by Walter Sullivan, Sr., chairman of the defendant Sullivan. The affiant states that a third party, not Sullivan, was contractually responsible for removing the pipes which allegedly caused the water to spill. The affiant further attests that it was not the contractual duty of his employees or agents to replace or repair the pipes. In support of his memorandum in opposition to the motion, Kiwanis offers the same uncertified excerpts from his deposition as offered by Sullivan. Here, however, Kiwanis asserts that the testimony actually demonstrates that he recalls employees of Sullivan reworking pipes in the vicinity of the accident at the time of the accident. (Kiwanis Memorandum, p. 7). Kiwanis also appends a counteraffidavit executed by himself stating that he did not recall seeing Walter Sullivan, Sr. at the work site on the day of the incident and that Walter Sullivan, Sr. made only infrequent appearances at the site while work was ongoing, thereby casting doubt on whether Sullivan had personal knowledge of the condition of the pipes on the relevant date or the process of installing new pipes.
 APPLICABLE LAW
"Practice Book . . . [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matte of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . ." (Citations omitted; internal quotation marks omitted.) Cunha v. Colon,260 Conn. 15, 18 n. 6, 792 A.2d 832 (2002). "A genuine issue has been variously described as a triable, substantial or real issue of fact . . . and has been defined as one which can be maintained by substantial evidence." (Citation omitted; internal quotation marks omitted.) UnitedOil Co. v. Urban Redevelopment Commission, 158 Conn. 364, 378, 260 A.2d 596
(1969). "[T]he genuine issue aspect of summary judgment procedure requires the parties to bring forward before trial evidentiary facts, or substantial evidence outside the pleadings, from which the material facts alleged in the pleadings can warrantably be inferred." (Internal quotation marks omitted.) Buell v. Greater New York Mutual Ins.,259 Conn. 527, 556, 791 A.2d 489 (2002). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." Id.
The party moving for summary judgment bears the heavy burden of proving CT Page 10131 the nonexistence of an issue of material fact. Zapata v. Burns,207 Conn. 496, 502, 542 A.2d 700 (1998). "Because the burden is on the movant, the evidence must be viewed in the light most favorable to the nonmovant and he is given the benefit of all favorable inferences that can be drawn . . ." (Citation omitted; internal quotation marks omitted.)Catz v. Rubenstein, 201 Conn. 39, 49, 513 A.2d 98 (1986).
 DISCUSSION
Whether the defendant owed a legal duty to the plaintiff depends upon the resolution of factual issues in dispute, namely, whether or not the defendant was in control of the subject premises and whether or not the defendant created the defect. With this unresolved factual dispute, the defendant cannot prevail on its argument that it is entitled to judgment, as a matter of law, on the issue of duty.
The plaintiff alleged in his complaint that the defendant created, caused or allowed to exist a dangerous condition which subsequently caused his injuries. The plaintiff argues that defendant Sullivan, through its agents and/or employees, was in control, and/or possession of the premises upon which the defective pipes were located. The plaintiff testified in his deposition that he observed employees of the defendant reworking pipes. While the allegations in the pleadings, standing alone, might not be sufficient to defeat the motion for summary judgment, when those allegations are read in conjunction with the facts as attested by the plaintiff, they are sufficient to put the issue of whether or not the defendant might be liable in dispute. Notwithstanding the fact that neither the defendant, nor his employees, may have had a contractual duty to repair or rework the pipes, if they did endeavor to do so, or if they were in control of the subject premises, then the defendant may be liable to the plaintiff. This issue, in dispute, is one that precludes the granting of the defendant's motion. Having decided that there is a triable issue to submit to the jury, the court denies the motion.
 CONCLUSION
Accordingly, because there is a factual dispute as to whether or not the defendant was in control of the subject premises, and created, caused or allowed to exist a defective condition, the defendant's motion for summary judgment is denied. If these issues are resolved in favor of the plaintiff, then the defendant had a legal duty to the plaintiff and is not entitled to judgment as a matter of law.
Robinson-Thomas, J.