LEROY ADDISON *v.* DANIEL VELEZ ET AL.
(AC 22128)

Lavery, C. J., and Spear and Dranginis, Js.[1]

Submitted on briefs April 3—officially released September 17, 2002

[1] This appeal was submitted on briefs before a panel comprised of Chief Judge Lavery, and Judges Spear and Dranginis. Although Judge Spear agreed with the other judges regarding the resolution of this appeal, he died before he had the opportunity to concur with the written decision. The parties stipulated, however, that rather than rearguing the appeal to this court with a panel consisting of the original two judges and an additional judge, they would permit the remaining two judges alone to render a written decision.

*Leonard M. Crone* filed a brief for the appellant (plaintiff).

*Christopher E. Carrington* filed a brief for the appellee (named defendant).

*Opinion*

LAVERY, C. J. The plaintiff, Leroy Addison, appeals from the judgment of the trial court rendered in favor of the defendant Daniel Velez[2] after it granted the defendant's motion for summary judgment. The plaintiff argues that the court improperly granted the motion when a question of material fact existed regarding the intent of the parties at the time that they entered into a general release. We agree with the plaintiff, and, accordingly, reverse the judgment of the trial court.

The following facts are relevant to our resolution of the plaintiff's appeal. The plaintiff brought this action alleging that on November 11, 1998, while operating his motor vehicle, he was involved in an accident with a vehicle owned by Alan Velez and operated by the defendant. The plaintiff alleged that the defendant's negligence caused the accident, and that he suffered personal injuries and losses as a result. The defendant filed a motion for summary judgment, arguing that the plaintiff previously had released him from all liability

---

[2] Although the original complaint named Daniel Velez, Nelson Velez and Alan Velez as defendants, Nelson Velez filed a motion to strike the complaint as to him because the complaint did not state a cause of action against him. The court granted the motion to strike, and that decision is not challenged on appeal. In addition, it appears that Alan Velez never was actually made a party to the action. Although the plaintiff filed an amended complaint naming Progressive Insurance Company as a defendant, the plaintiff failed to obtain the court's permission to amend the complaint or to have Progressive Insurance Company made a party to the action. Accordingly, Progressive Insurance Company is not a party to the appeal. For the purposes of this opinion, we refer to Daniel Velez as the defendant.

arising from the subject motor vehicle accident. Specifically, the defendant attached to the motion as an exhibit a general release dated September 5, 2000, in which the plaintiff released "Alan & Laura Velez and Nationwide Insurance Company and Daniel Velez . . . from all debts, obligations . . . causes of actions . . . judgments . . . damages, claims or demands . . . regarding a motor vehicle accident on November 11, 1998 and the injuries sustained." The plaintiff objected to the motion for summary judgment and asserted that the defendant had been named on the release as part of an attempt or offer to settle the case with the defendant's insurer, which did not occur. The court granted the defendant's motion for summary judgment for the sole reason that the plaintiff had issued a general release. The plaintiff then filed the present appeal.

"Our standard of review of a trial court's decision to grant a motion for summary judgment is well established. Practice Book § 17-49 provides in relevant part that summary judgment 'shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'

" 'In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts. . . . On appeal, [w]e must decide whether the trial court erred in determining that there was no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . Because the trial court rendered judgment for the [defendant] as a matter of law, our review is plenary and we must determine whether the legal conclusions reached by the trial court are legally and logically correct and whether they find support in the facts

set out in the memorandum of decision of the trial court. . . . On appeal, however, the burden is on the opposing party to demonstrate that the trial court's decision to grant the movant's summary judgment motion was clearly erroneous.' " *Soares* v. *George A. Tomasso Construction Corp.*, 66 Conn. App. 466, 468–69, 784 A.2d 1041 (2001).

In *Sims* v. *Honda Motor Co.*, 225 Conn. 401, 623 A.2d 995 (1993), our Supreme Court considered "whether, pursuant to General Statutes § 52-572e,[3] an alleged tortfeasor is, as a matter of law, discharged from liability to an injured party by virtue of a general release agreement executed by the injured party that purports to release not only a specifically named tortfeasor, but also all other potentially liable parties, for consideration paid by the named tortfeasor." *Sims* v. *Honda Motor Co.*, supra, 402. In answering that question, our Supreme Court held that a general release like that signed by the plaintiff in *Sims* discharges only those joint tortfeasors whom the contracting parties actually intended to be released. Id., 406. The court further adopted the "intent rule" with regard to the construction of general releases. Id., 419. Pursuant to the intent rule, "[t]he trial court may consider extrinsic evidence of the parties' intent regarding the scope of the release regardless of whether the court determines that the language of the release is ambiguous." Id. We recognize that in the present case, the release specifically named the defendant, whereas in *Sims*, the release purported to release not only the named tortfeasors but all other potentially liable parties. We nonetheless find *Sims* to be instruc-

---

[3] General Statutes § 52-572e provides: "(a) For the purposes of this section the term 'joint tortfeasors' means two or more persons jointly or severally liable in tort for the same injury to person or property whether or not a judgment has been recovered against all or any of them.

"(b) A release by the injured person, or his legal representative, of one joint tortfeasor does not discharge the other tortfeasors unless, and only to the extent, the release so provides."

tive with regard to the consideration of extrinsic evidence in the construction of general releases.[4]

With the foregoing principles in mind, we consider the plaintiff's claim that the court improperly rendered summary judgment for the defendant. The plaintiff claims that an issue of material fact exists and was presented to the court regarding whether the release at issue had been obtained fraudulently. Specifically, the plaintiff argues that the defendant's name was placed on the release only in furtherance of a settlement that he had reached with both Nationwide Insurance Company, Alan Velez' insurer, and Progressive Insurance Company, the defendant's insurer. As he did in his opposition to the motion for summary judgment, the plaintiff argues that on September 5, 2000, he simultaneously sent duly executed releases to those insur-

[4] Following the submission of this case, we ordered the parties to file supplemental briefs addressing, inter alia, whether, in light of *Alvarez* v. *New Haven Register, Inc.*, 249 Conn. 709, 735 A.2d 306 (1999), and *Cunha* v. *Colon*, 260 Conn. 15, 792 A.2d 832 (2002), the intent rule that was enunciated in *Sims* is applicable to the circumstances of the present case. After considering the parties' arguments in that regard, we are persuaded that *Alvarez* and *Cunha* are distinguishable from this case.

In *Alvarez* v. *New Haven Register, Inc.*, supra, 249 Conn. 710–11, our Supreme Court considered "whether, notwithstanding General Statutes § 52-572e, a release executed in favor of an employee operates as a matter of law to release the employer whose sole liability is premised on the doctrine of respondeat superior." The court held that the employer and employee are not joint tortfeasors pursuant to § 52-572e and, therefore, the employer is released from any derivative liability. *Alvarez* v. *New Haven Register, Inc.*, supra, 711.

In *Cunha*, our Supreme Court similarly held that the lessor and lessee of an automobile were not joint tortfeasors within the meaning of § 52-572e and, consequently, that a release executed in favor of a lessee also operates to release the lessor. *Cunha* v. *Colon*, supra, 260 Conn. 17. The court stated that "§ 52-572e was intended to apply only to joint tortfeasors who are independently at fault on the basis of their own tortious conduct, and not to individuals or entities whose sole liability is derivative or vicarious in nature." Id., 20. In the present case, unlike the situations in *Alvarez* and *Cunha*, the tortfeasor with direct and independent liability, as opposed to vicarious liability, claims the benefit of the release because he is named expressly in the release.

ance companies with the intention of settling the claims against each company. According to the plaintiff, Progressive Insurance Company then reneged on its agreement to settle the case and subsequently used the release as a shield against liability.

The plaintiff attached the affidavit of his attorney, Leonard M. Crone, in support of the opposition to the motion for summary judgment. Crone avers in the affidavit that he sent the releases to the insurance companies and that the name of "Daniel Velez was placed on both releases because there was a promise made by both insurance adjusters to pay out the insurance policy limits to [the plaintiff]." Crone avers that "[o]ne week after a release was sent to Progressive Insurance, adjuster Heather Turner denied offering to settle the matter on behalf of [the defendant]." Also attached to the opposition to the motion for summary judgment was a copy of a letter from Turner, a casualty representative for Progressive Insurance Company, indicating her belief that no settlement had occurred.[5]

On the basis of the record before us, we conclude that the plaintiff has met his burden of showing that the court's decision to grant the defendant's motion for summary judgment was clearly erroneous. The plaintiff provided documentation in opposition to the motion that demonstrated the existence of a question of material fact with regard to the intent of the parties at the time the release at issue was executed. Specifically, the plaintiff raised issues regarding whether he had executed the release with the belief that the claim with Progressive Insurance Company was settled and with

---

[5] Turner's letter states in relevant part: "In review of your letter, I am somewhat confused as the letter confirms settlement of this matter for $20,000 and included a signed release. As you know, I have not even reviewed the file yet and was waiting on all the medical information from your office. Your office just sent me the material in a letter dated September 5, 2000. I have not yet reviewed this and in no way made any type of offer on this file."

the intent that in consideration for the release, Progressive Insurance Company would pay to him the limits of its policy insuring the defendant. The court, therefore, improperly granted the defendant's motion for summary judgment.

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.