[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #106
The motion for summary judgment now before the court was filed by the defendant insurance company in this suit in which the plaintiff alleges a failure to defend and indemnify. For the reasons stated below, there is no issue as to any material fact, and the motion for summary judgment must be granted.
This action arises out of losses allegedly sustained for the clean-up of an unplanned release of fuel oil from an oil tank into surrounding soil and an adjacent waterway. Specifically, it is alleged that the plaintiff, Darks Construction, Inc., was hired by a third party, J.C. Burwell, Inc. (Burwell), to remove a fuel oil tank located on property owned and maintained by Burwell. While engaging in certain preparatory work prior to removal of the tank, it is alleged that one of the plaintiff's machines collided with the oil tank causing the spillage of fuel oil onto the Burwell property. Following a state ordered clean-up of the oil, Burwell successfully sought reimbursement from its insurer. Lumber Insurance Co. (Lumber). Subsequently. Lumber, being subrogated to Burwell's rights. sued the plaintiff alleging that the plaintiff was responsible for the loss under the policy and should reimburse Lumber for the monies it paid in connection with the clean-up. The plaintiff's liability insurance carrier. Shelby Insurance Company, denied coverage, citing a policy exclusion known as the "absolute pollution exclusion", and refused to defend the action brought by Lumber. On August 28, 2001, the court (Gill, J.) rendered judgment for Lumber and ordered the plaintiff to reimburse Lumber in the amount of $27,589.56. Shelby refused to indemnify the plaintiff for payment of this judgment.
In this action, the plaintiff sought damages from the defendant, Shelby Insurance Company. its insurer, for the amount of the Burwell judgment it was ordered to pay and the expenses it incurred in defending the suit. On September 20, 2002, the defendant filed a motion for summary judgment. accompanied by a memorandum and supporting documentation. On October 4. CT Page 15707 2002. the plaintiff filed an opposition to the motion for summary judgment, accompanied by a memorandum and supporting documentation.
The absolute pollution exclusion clause relied upon by the defendant states in relevant part that the coverage does not apply to "[a]ny loss, cost or expense arising out of any: [r]equest, demand, or order that any insured or others test for, monitor, clean up, remove, contain, treat, respond to, or assess the effects of pollutants." The policy goes on to define "pollutant" as "any solid. liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste."
The plaintiff concedes that the fuel oil involved in this case is a "pollutant" under the exclusion cited above. Based upon this concession the defendant argues that the exclusion unambiguously excludes coverage for the loss arising from the cleanup of the spillage of fuel oil resulting from the plaintiff's collision with the oil tank on the Burwell property. The defendant moves for summary judgment on the ground that there are no genuine issues of material fact and it is entitled to judgment as a matter of law.
"Practice Book [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings. affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment. the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Cunha v. Colon, 260 Conn. 15, 18 n. 6,792 A.2d 832 (2002). "[T]he genuine issue aspect of summary judgment requires the parties to bring forward before trial evidentiary facts, or substantial evidence outside the pleadings. from which the material facts alleged in the pleadings can warrantably be inferred. . . . A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Citation omitted; internal quotation marks omitted.) Buell Industries, Inc. v. Greater New YorkMutual Ins. Co., 259 Conn. 527. 556, 791 A.2d 489 (2002). Summary judgment procedure "is designed to eliminate the delay and expense incident to a trial where there is no real issue to be tried." (Internal quotation marks omitted.) Mac's Car City, Inc. v. American NationalBank, 205 Conn. 255, 261, 532 A.2d 1302 (1987).
The plaintiff argues that the release of fuel oil in the present case was a sudden and accidental occurrence and is not characteristic of the type of long-term contamination commonly associated with pollution. In other words, the plaintiff urges the court to limit the application of CT Page 15708 the exclusion to situations where there has been a slow leak of a pollutant. But, there is nothing in the language of the exclusion which would justify this limitation. Nor has the plaintiff cited any cases which make this distinction.
The plaintiff further, and in the alternative, argues that the exclusion clause is ambiguous because a company like itself. which is not involved in the oil business, would not expect a denial of coverage for damages caused by an accident like the one at issue in the present case. Specifically, the plaintiff argues that the pollution exclusion clause does not contain explicit language excluding coverage for "sudden accidents" where the insured was not intended to handle, carry, or remove fuel oil. Again, the plaintiff has been unable to cite any cases to support this argument.
"[T]he terms of an insurance policy are to be construed according to the general rules of contract construction. . . . The determinative question is the intent of the parties, that is, what coverage the . . . [plaintiff] expected to receive and what the defendant was to provide, as disclosed by the provisions of the policy. . . . If the terms of the policy are clear and unambiguous, then the language. From which the intention of the parties is to be deduced, must be accorded its natural and ordinary meaning. . . . However, [w]hen the words of an insurance contract are, without violence, susceptible of two [equally responsible] interpretations, that which will sustain the claim and cover the loss must, in preference, be adopted. . . . [T]his rule of construction favorable to the insured extends to exclusion clauses." (Citation omitted; internal quotation marks omitted.) Travelers Ins. Co. v.Namerow, 257 Conn. 812, 833-34, 778 A.2d 168 (2001). Under Connecticut law, "the insurer must prove `with a high degree of certainty' that the exclusion clause is applicable." Schilberg Integrated Metals v.Continental Casualty Co., Superior Court, complex litigation docket at New Britain, Docket No. X03 CV 98 0499554 (April 17. 2001, Aurigemma, J.) (29 Conn.L.Rptr. 721, 724), quoting Kelly v. Figueiredo, 223 Conn. 31,37, 610 A.2d 1296 (1992).
The issue of whether the terms of a pollution exclusion clause contained in a commercial liability policy exclude coverage for a particular incident has been addressed numerous times by our courts. InHeyman Associates No. 1 v. Insurance Co. of Pennsylvania, supra,231 Conn. 756, our Supreme Court was called upon to construe the language of a pollution exclusion clause contained in a policy issued by the defendant. The court, in concluding that fuel oil spilled into a waterway was clearly and unambiguously a pollutant within the meaning of the clause, set forth the applicable framework for examining the issue. CT Page 15709Heyman instructs that the inquiry is whether the clause is clear and unambiguous "as applied to the particular facts of this case." Id., 775. The test under Heyman, therefore, is (1) whether the fuel oil released qualifies as a pollutant and (2) whether the exposure as alleged constitutes the type of release contemplated by the policy. See DanburyIns. Co. v. Novella, 45 Conn. Sup. 551, 553-54, 727 A.2d 279 (1998).
On its face, the pollution exclusion clause is clear and unambiguous. It explicitly excludes coverage for any "request . . . that any insured . . . clean up, remove . . . or in any way respond to . . . the effects of pollutants." The plaintiff concedes and it is not disputed that fuel oil is a pollutant under the policy. Furthermore, the clause unambiguously excludes coverage for the clean-up of pollutants. "[T]he language of the exclusion focuses on the nature of the property damage. . . . it does not specify the manner in which such discharge is carried out, or that it be executed by the insured directly. Stamford WallpaperCo. v. TIG Insurance, 138 F.3d 75, 80 (2d. Cir. 1998)." (Internal quotation marks omitted.) Schilberg Integrated Metals v. ContinentalCasualty Co., supra, 29 Conn.L.Rptr. 725.
"[T]here is a policy in Connecticut to enforce insurance contracts as written, and to resist policyholders' requests to rewrite the policies to extend coverage in areas where coverage is excluded by clear and unambiguous policy terms." Reichhold Chemicals, Inc. v. Hartford Accidentand Indemnity Co., Superior Court, complex litigation docket at Middletown, Docket No. X03 CV 88 0085884 (October 1, 1998, Aurigemma, J.) (23 Conn.L.Rptr. 394, 390), rev'd on other grounds, 252 Conn. 774,750 A.2d 1051 (2000).
Moreover, had the defendant intended for the policy to cover any sudden and accidental occurrence involving the release of a pollutant, it could easily have inserted language to that effect in the policy. Pollution exclusion clauses (but not absolute pollution exclusion clauses) frequently differentiate between sudden and accidental environmental situations and long-term seepage or contamination issues. See. e.g.,Buell Industries, Inc. v. Greater New York Mutual Ins. Co., supra,259 Conn. 534 (interpreting "sudden and accidental" exception in pollution exclusion clause). In effect, there are two aspects to the exclusion: "The first clause of the exclusion eliminates coverage if the claims against the insured arise out of the release or discharge of pollutants." Schilberg Integrated Metals v. Continental Casualty Co., supra, 29 Conn.L.Rptr. 724. "The second clause sets forth an exception to the scope of the first clause, reinstating coverage if the release or discharge was `sudden and accidental.'" Id.; see also ReichholdChemicals, Inc., Hartford Accident and Indemnity Co., supra, CT Page 1571023 Conn.L.Rptr. 396 (involving multiple policies containing pollution exclusion clauses with exceptions "where such pollution is attributable to a discharge of contaminants that is both `sudden and accidental'").
But, the absolute pollution clause in the case at hand does not contain an exception for sudden and accidental pollution. The court can not read such an exception into the unambiguous language of the policy.
In this case the defendant had no duty to defend the plaintiff in the suit by Lumber because the complaint in that case did not state a cause of action which could possibly have been within the coverage of the plaintiff's liability policy with the defendant. "The question of whether an insurer has a duty to defend its insured is purely a question of law, which is to be determined by comparing the allegations of [the underlying] complaint with the terms of the policy." Community Action ForGreater Middlesex County, Inc. v. American Alliance Insurance Co.,254 Conn. 387. 395, 757 A.2d 1074 (2000). "The duty to defend an insured arises if the complaint states a cause of action which appears on its face to be within the terms of the policy coverage. . . . Because [t]he duty to defend has a broader aspect than the duty to indemnify and does not depend on whether the injured party will prevail against the insured . . . [i]f an allegation of the complaint falls even possibly within the coverage, then the insurance company must defend the insured." Lightowlerv. Continental Insurance Co., 255 Conn. 639. 643 n. 7, 769 A.2d 49
(2001). (Citations and internal quotation marks omitted; emphasis in original.) In addition to the Heyman case cited earlier, other Connecticut trial courts have concluded that the absolute pollution exclusion does unambiguously bar coverage for pollution liability and have accordingly granted summary judgment to insurers asserting the exclusion. FJS Corp., et al v. United National Ins. Co., 1998 Conn. Super. LEXIS 743, (Leheny. J.): Thompson, et al v. Merchant's MutualIns. Co., et al., 1995 Conn. Super. LEXIS 490 (Pickett, J.); Bell PowerSystems, Inc. v. Hartford Fire Insurance Company, 1995 Conn. Super. LEXIS 448 (Aurigemma, J.).
The defendant has shown that the language of the policy clearly and unambiguously excludes coverage for the claimed incident, that there are no genuine issues of material fact and that the defendant is entitled to judgment as a matter of law. Therefore, the motion for summary judgment is granted.
 John W. Pickard Judge of the Superior Court
CT Page 15711