[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
FACTS
This is a suit for money damages on an equipment lease where it is alleged by the plaintiff, TBF Financial LLC, that the defendants, Peter and Nancy Grassilli, failed to make the monthly payments that it is entitled to receive under the lease agreement. The lessor has accelerated all the payments due and claims its attorney fees.
On May 14, 1997, the defendants doing business as "Dick's Paint and Hardware" entered into a lease agreement[1] with Triad Systems Financial Corporation (Triad) of Livermore, California. The defendants rented from Triad equipment and other personalty for use in their store. On October 31, 2000, Triad executed an assignment of its right, title and interest in and to the lease to the plaintiff. The defendants have not admitted to the allegation of assignment but leave the plaintiff to its proof.
On April 12, 2002, the plaintiff filed a motion for summary judgment claiming that no genuine issues of material fact exist regarding the defendants' answer and their disclosure of defense. The plaintiff claimed the defendant's default was clear as a matter of law. On September 26, 2002, the defendants filed a memorandum in opposition to the plaintiff's motion for summary judgment. The plaintiff responded to the defendants' memorandum in opposition on September 30, 2002.
 DISCUSSION
Pursuant to Practice Book § 17-49, summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." CunhaCT Page 1630v. Colon, 260 Conn. 15, 18 n. 6, 792 A.2d 832 (2002). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to judgment as a matter of law . . ." (Citation marks omitted; internal quotation marks omitted.) Appleton v.Board of Education, 254 Conn. 205, 209, 757 A.2d 1059 (2000).
In its memorandum of law in support of the motion for summary judgment, the plaintiff asserts that each of the defendants' disclosures of defense fail as a matter of law and that the defendants are liable under a binding and enforceable lease agreement.
First, the defendants claim that the business was sold and that the new owner represented to them that he had made some payments on said lease, then that he was subsequently dissatisfied with the equipment and returned it. The defendants further claim that the equipment's failure justified nonpayment.
The defendants maintain that there is an issue of fact as to whether the equipment and software were defective and whether the plaintiff had an obligation to provide maintenance. In support of their argument, the defendants submit Nancy Grassilli's affidavit as evidence claiming that the equipment failed to work and the repeated attempts to have the plaintiff service and correct the problems were unsuccessful.
Paragraph four of the lease specifically states: "You acknowledge that [Triad] is not the manufacturer, supplier or service provider of the products nor an agent or dealer of any of them . . . Triad shall not be liable to customer for any loss, damage or expense of any kind or nature caused, directly or indirectly, by any product, the use maintenance, or failure of operation or service thereof or updates thereto, or the repair, service, accuracy, currentness or adjustment thereof, or by any delay or failure to provide any maintenance repairs, service, upgrades, or adjustments or by any interruption or service, loss of data or data corruption, or loss of use thereof or for any loss of business however caused."
Courts have recognized waiver clauses as generally enforceable in leasing agreements. For example, in U.S. Roofing, Inc. v. Credit AllianceCorp. , 228 Cal.App.3d 1431, 1452-53, 279 Cal.Rptr. 553 (1991), the court addressed the issue of what remedies are available to a lessee-buyer in the purchase and sale of equipment financed by a lease arrangement when the equipment is defective and the financing lessor had disclaimed all CT Page 1631 express and implied warranties to the equipment. The California Appellate Court concluded that a financing lessor may validly disclaim all warranties if the lease has an adequate remedy against the manufacturer or the supplier for a defect in the equipment. See also, Irving LeasingCorp. v. MH Tire Co., 16 Ohio App.3d 191, 475 N.E.2d 127 (1984) (a lessor's disclaimer is generally valid as to equipment with which it had no active dealings in the manufacture or selection if the lessee is not left without a remedy). The waiver clause is enforceable.
The defendants contend that there is an issue of fact as to whether there is any consideration given for the contract that provides that the defendants are to make payments whether the defendants receive any benefit. Paragraphs two and four provide that the lease is non-cancelable for its entire term; the obligation to make payments is irrevocable, absolute and unconditional. The rent must be paid without abatement, deduction or offset of any kind or nature whatsoever.
"This provision is frequently part of a finance lease because upon delivery and acceptance of the subject equipment, the lessor's promised obligation, which is to purchase the equipment, has been fulfilled. The lessor's money has been spent and it is required to do nothing further. In that respect, the lessor's position is similar to that of a bank holding a note for the price of the equipment. The lessee, however, will not have fulfilled its promised obligations until all rental payments have been made. The purpose of the clause, therefore, is to ensure completion of the lessee's performance. This is not unconscionable in the context of a finance lease where . . . the facts and circumstances do not indicate any inequality of bargaining power or element of unfair surprise." Emlee Equipment Leasing v. Waterbury Transmission,31 Conn. App. 455, 472-73, 626 A.2d 307 (1993). See also, Cal.U.Com. Code § 10407 Com.[2] This provision is also enforceable against the defendants.
 CONCLUSION
For the foregoing reasons, the plaintiff has sufficiently met its burden of showing the absence of any disputed material facts which the defendants are entitled to raise. Summary Judgment is granted as to liability. The matter shall be claimed to the hearing and damages list as to the amount of the debt.
BY THE COURT
Kevin E. Booth, J. CT Page 1632